IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| STANLEY E. SMITH,<br><br>                             Plaintiff,<br><br>          v.<br><br>JUDGE TERRENCE HASS, *et al.*,[1]<br><br>                           Defendants. | Case No. 4:22-cv-00007-SLG-KFR |

## SCREENING ORDER AND

## REPORT AND RECOMMENDATION REGARDING COMPLAINT

On March 7, 2022, Stanley E. Smith, a self-represented prisoner (hereinafter "Plaintiff"), filed a Prisoner's Complaint under the Civil Rights Act, 42 U.S.C. § 1983 (hereinafter "Complaint"), a civil cover sheet, and a Prisoner's Application to Waive Prepayment of the Filing Fee.[2] Subsequently, Plaintiff filed an untitled motion that requests counsel, his release from custody, and to have his charges dismissed.[3] Plaintiff also filed a Motion to Amend his Complaint requesting the Court substitute the correct spelling of Defendant Hass's and Defendant Knowles's names.

---

[1] The Court amends the caption of this case to reflect the proper spelling of Judge Terrence Hass's name.
[2] Dkts. 1–3.
[3] Dkt. 5.

The Court now screens Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A.

## SCREENING REQUIREMENT

Federal law requires a court to conduct an initial screening of a civil complaint filed by a self-represented prisoner. In this screening, a court shall dismiss the case at any time if the court determines that the action:

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.[4]

To determine whether a complaint states a valid claim for relief, courts consider whether the complaint contains sufficient factual matter that, if accepted as true, "state[s] a claim to relief that is plausible on its face."[5] In conducting its review, a court must liberally construe a self-represented plaintiff's pleading and give the plaintiff the benefit of the doubt.[6]

---

[4] 28 U.S.C. § 1915A.

[5] *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In making this determination, a court may consider "materials that are submitted with and attached to the Complaint." *United States v. Corinthian Colleges*, 655 F.3d 984, 999 (9th Cir. 2011) (citing *Lee v. L.A.*, 250 F.3d 668, 688 (9th Cir. 2001)).

[6] *See Hebbe v. Pliler*, 627 F.3d 338, 342 (9th Cir. 2010) (citing *Bretz v. Kelman*, 773 F.2d 1026, 1027 n.1 (9th Cir. 1985) (en banc)).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                      Page 2 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 2 of 13

Before a court may dismiss any portion of a complaint for failure to state a claim upon which relief may be granted, the court must provide the plaintiff with a statement of the deficiencies in the complaint and an opportunity to amend or otherwise address the problems, unless to do so would be futile.[7] Futility exists when "the allegation of other facts consistent with the challenged pleading could not possibly cure the deficiency[.]"[8]

**DISCUSSION**

**I.    Complaint**

Plaintiff brings suit against Alaska Superior Court Judge Terrence Hass, Assistant District Attorney R. Christopher Knowles, and Assistant Public Defender Nathaniel Hainje in their official capacities.[9]

In Claim 1, Plaintiff alleges that Defendant Hass violated his right to be free from cruel and unusual punishment. Plaintiff alleges that after three representation hearings, Defendant Hass refused to appoint him a different public defender. Plaintiff alleges Defendant Hass "stated that if I need an attorney I can pay for one or represent myself," and that "Judge Hass violated

---

[7] See *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).
[8] See *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).
[9] Dkt. 1 at 2.

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                                      Page 3 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 3 of 13

my right to have a competent attorney represent me."[10] Plaintiff also makes a broad allegation that a former public defender told him there is racism at the Bethel Courthouse.[11]

In Claim 2, Plaintiff alleges Defendant Knowles violated his right to be free from cruel and unusual punishment. Plaintiff alleges that Defendant Knowles, as the presiding District Attorney, failed to take any action on "the violations that my attorney or Judge did on my cases."[12] Plaintiff asks "for a full[-]scale investigation on the Bethel [C]ourt [S]ystem[.]"[13]

In Claim 3, Plaintiff alleges that Defendant Hainje violated his right to be free from cruel and unusual punishment by 1) failing to argue for lower bail; 2) stating Plaintiff had a lengthy criminal history and that his bail was appropriate; 3) visiting him in person only once and speaking to him on the phone only three times; 4) failing to provide discovery; 5) refusing to investigate the case; and 6) declining to file motions to dismiss.[14]

For relief, Plaintiff seeks 1) an order to be released without bail, and 2) his cases be dismissed "on all counts/and cannot be reopened."[15]

---

[10] *Id.* at 3.
[11] *Id.*
[12] *Id.* at 4
[13] *Id.*
[14] *Id.* at 5.
[15] *Id.* at 8.

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                    Page 4 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 4 of 13

The Court takes judicial notice of Plaintiff's pending state court criminal action *State of Alaska v. Stanley Smith*, 4HB-20-00010CR. The State of Alaska has charged Plaintiff with eight counts of Class B Felony Assault in the Second Degree, three counts of Class C Felony Assault in the Third Degree, and one count of Unclassified Felony Sexual Assault in the First Degree.[16] The Court notes that Plaintiff had Representation Hearings on December 16, 2020, May 17, 2021, and August 21, 2021.[17] A calendar call is scheduled for June 22, 2022.[18]

## II. Civil Rights Claims Under 42 U.S.C. § 1983

42 U.S.C. § 1983 is a federal statute that "is not itself a source of substantive rights," but provides "a method for vindicating rights [found] elsewhere."[19] For relief under 42 U.S.C. § 1983, a plaintiff must "plead that (1) the defendants acting under color of state law (2) deprived plaintiffs of rights secured by the Constitution or federal statutes."[20] To act under the color of state law, a complaint must allege that the defendants acted with

---

[16] *State of Alaska v. Stanley Smith*, 4HB-20-00010CR (Party Charge Information).
[17] *State of Alaska v. Stanley Smith*, 4HB-20-00010CR (Events).
[18] *Id.*
[19] *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).
[20] *Gibson v. United States*, 781 F.2d 1334, 1338 (9th Cir. 1986).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                               Page 5 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 5 of 13

state authority as state actors.[21] Furthermore, a defendant must be eligible for suit. None of the individuals sued by Plaintiff in this case are proper defendants under 42 U.S.C. § 1983. Therefore, Plaintiff's Complaint must be dismissed.

### a. Defendant Hainje

A lawyer appointed to represent a criminal defendant in a state court proceeding is "as a matter of law, … not a state actor."[22] Such a lawyer, whether from the Office of Public Advocacy, Public Defender's Agency, or by contract is "no doubt, paid by government funds and hired by a government agency."[23] This method of payment and retention, however, does not matter, as the lawyer's role in this scenario is "to represent [their] client, not the interests of the [government entity paying their fees]."[24] In this way, a court-appointed lawyer is no different than a privately retained attorney, who in

---

[21] *West v. Atkins*, 487 U.S. 42, 49 (1988) (quoting *United States v. Classic*, 313 U.S. 299, 326 (1941)).
[22] *See Miranda v. Clark County, Nevada*, 319 F.3d 465, 468 (9th Cir. 2003), *cert. denied*, 540 U.S. 814 (2003).
[23] *Id.*, citing *Polk County v. Dodson*, 454 U.S. 312, 325 (1981) (recognizing that the public defender performs "a lawyer's traditional functions" in the lawyer's traditional adversarial role).
[24] *Id.*

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                    Page 6 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 6 of 13

no way can be considered a state actor, but whose "duties and obligations [to the client] are the same."[25]

Defendant Hainje is an attorney with the State of Alaska Public Defender Agency. Plaintiff seeks injunctive relief that would release him from state custody and dismiss his state court criminal charges. As a threshold matter, Defendant Hainje cannot provide the relief requested. Moreover, Plaintiff's allegations center on disagreements with Defendant Hainje's representations to the Alaska Superior Court and his litigation strategy. Defendant Hainje, as court appointed counsel to an indigent defendant, is not a state actor as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### b. Defendant Hass

A state court judicial officer is a state actor. However, "[j]udges and those performing judge-like functions are absolutely immune from damage liability for acts performed in their official capacities."[26] Moreover, judicial

---

[25] *Polk County*, 454 U.S. at 318-19.
[26] *Ashelman v. Pope*, 793 F.2d 1072, 1075-76 (9th Cir. 1986) (citations omitted) (in determining if an action is judicial, courts focus on whether "(1) the precise act is a normal judicial function; (2) the events occurred in the judge's chambers; (3) the controversy centered around a case then pending before the judge; and (4) the events at issue arose directly and immediately out of a confrontation with the judge in his or her official capacity."). "These factors are to be construed generously in favor of the judge and in light of the policies underlying judicial immunity."

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                    Page 7 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 7 of 13

immunity extends to preclude prospective injunctive relief against a state court judge for acts or omissions made in that judge's official capacity.[27] This judicial immunity is immunity from lawsuit, not just from ultimate assessment of damages, and it cannot be overcome by allegations of bad faith or malice.[28]

    Defendant Hass is a judicial officer in the Alaska Superior Court. Plaintiff seeks injunctive relief that would release him from state custody and dismiss his state court criminal charges. While Defendant Hass, in theory, could grant or respond to such relief, Defendant Hass is bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and his duty as a judicial officer to preside over criminal cases in Alaska Superior Court. Plaintiff's allegations focus on his disagreements with his court appointed counsel and Defendant Hass's refusal to appoint a different defense attorney. This decision, as well as Defendant Hass's presiding role over Plaintiff's prior representation hearings, are acts performed in his official capacity. As a judicial officer acting in his official capacity by presiding over

---

[27] 42 U.S.C. § 1983.
[28] *Mireles v. Waco*, 502 U.S. 9, 11 (1991) (citing *Mitchell v. Forsyth*, 472 U.S. 511, 526 (1985); *Pierson v. Ray*, 386 U.S. 547, 554 (1967)).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                    Page 8 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 8 of 13

Plaintiff's state court criminal matter, Defendant Judge Haas is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

### c. Defendant Knowles

District attorneys are state actors; however, prosecuting attorneys are immune from suit. Prosecutorial immunity protects government attorneys when they are acting pursuant to their judicial role as an advocate for the state, performing functions "intimately associated with the judicial phase of the criminal process."[29] A prosecutor's absolute immunity extends to "initiating a prosecution and presenting the State's case,"[30] including eliciting witness testimony, arguing motions, and pretrial court appearances.[31]

However, "[a] prosecutor's administrative duties and those investigatory functions that do not relate to an advocate's preparation for the initiation of a prosecution or for judicial proceedings are not entitled to absolute immunity."[32] Further, a prosecutor can be held accountable for

---

[29] *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).
[30] *Id.*
[31] *See Burns v. Reed*, 500 U.S. 478, 490-91 (1991).
[32] *Buckley v. Fitzsimmons*, 509 U.S. 259, 273 (1993).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR  Page 9 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 9 of 13

malicious prosecution. But for any such claim to go forward, a claimant must provide plausible factual details and more than just conclusory allegations.³³

Most importantly, a claim for malicious prosecution cannot proceed until the termination of the prior criminal proceeding has occurred in favor of the accused.³⁴ This "avoids parallel litigation over the issue of probable cause and guilt . . . and it precludes the possibility of the claimant [*sic*] succeeding in the tort action after having been convicted in the underlying criminal prosecution, in contravention of a strong judicial policy against the creation of two conflicting resolutions arising out of the same or identical transaction."³⁵

Defendant Knowles is a prosecuting attorney for the State of Alaska. Plaintiff seeks injunctive relief that would release him from state custody and dismiss his state court criminal charges. While Defendant Knowles, in theory, could respond to such relief, Defendant Knowles is bound by Alaska Rules of Criminal Procedure, Alaska Statutes, the Alaska Constitution, and his duty as an advocate for the State of Alaska to prosecute suspected crimes. Plaintiff's

---

³³ *Iqbal*, 556 U.S. at 679 (stating that pleadings which "are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.").
³⁴ *Heck v. Humphrey*, 512 U.S. 47, 484 (1994).
³⁵ *Heck*, 512 U.S. at 484.
Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                       Page 10 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 10 of 13

allegations focus on Defendant Knowles lack of action regarding Plaintiff's disagreement with his court appointed counsel and Defendant Hass's decision to appoint him a new attorney. Generally, a prosecuting attorney may not intercede or interfere with the relationship of a defense attorney and their client.[36] As a prosecuting governmental attorney complying with the rules imposed upon him as part of an ongoing judicial proceeding, Defendant Knowles is immune from suit as a matter of law. Therefore, he cannot be sued under 42 U.S.C. § 1983.

## CONCLUSION

Defendants are not proper defendants or are immune from suit. Therefore, Plaintiff fails to state a claim upon which relief may be granted. In addition, no defendants may be substituted under these facts; therefore, amendment is futile.[37]

**IT IS THEREFORE RECOMMENDED:**

1. This action should be **DISMISSED WITH PREJUDICE** for failing to state a claim upon which relief may be granted and the futility of amendment.

---

[36] *See generally United States v. Danielson*, 325 F.3d 1054, 1066–74 (9th Cir. 2003), *as amended* (May 19, 2003); *see also Clutchette v. Rushen,* 770 F.2d 1469, 1471 (9th Cir.1985); *Weatherford v. Bursey,* 429 U.S. 545, 557–58 (1977).
[37] *Hartmann v. California Dep't of Corr. & Rehab.*, 707 F.3d 1114, 1130 (9th Cir. 2013) ("A district court may deny leave to amend when amendment would be futile.").

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR         Page 11 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 11 of 13

2. All pending motions should be **DENIED AS MOOT**.

3. A dismissal under these circumstances should be a strike as required by 28 U.S.C. § 1915(g) and *Lomax v. Ortiz-Marquez, et al.*, 590 U.S. ___, 140 S.Ct. 172 (2020).[38]

4. The Clerk of Court should issue a final judgment.

DATED this 21st day of June, 2022 at Anchorage, Alaska.

*s/Kyle F. Reardon*
KYLE F. REARDON
United States Magistrate Judge
District of Alaska

**NOTICE OF RIGHT TO OBJECT**

Under 28 U.S.C. § 636(b)(1), a district court may designate a magistrate judge to hear and determine matters pending before the Court. For dispositive matters, a magistrate judge reports findings of fact and provides recommendations to the presiding district court judge.[39] A district court judge

---

[38] 28 U.S.C. § 1915(g) prohibits a prisoner who files more than three actions or appeals in any federal court in the United States which are dismissed as frivolous or malicious or for failure to state a claim upon which relief may be granted, from bringing any other actions without prepayment of fees unless the prisoner can demonstrate that he or she is in "imminent danger of serious physical injury."
[39] 28 U.S.C. § 636(b)(1)(B).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR　　　　　　　　　　　　　　　Page 12 of 13
Case 4:22-cv-00007-SLG-KFR　Document 8　Filed 06/21/22　Page 12 of 13

may accept, reject, or modify, in whole or in part, the magistrate judge's order.[40]

A party may file written objections to the magistrate judge's order within 14 fourteen days.[41] Objections and responses are limited to five (5) pages in length and should not merely reargue positions previously presented. Rather, objections and responses should specifically identify the findings or recommendations objected to, the basis of the objection, and any legal authority in support. Reports and recommendations are not appealable orders. Any notice of appeal pursuant to Fed. R. App. P. 4(a)(1) should not be filed until entry of the district court's judgment.[42]

---

[40] 28 U.S.C. § 636(b)(1)(C).
[41] *Id.*
[42] *See Hilliard v. Kincheloe*, 796 F.2d 308 (9th Cir. 1986).

Report & Recommendation
*Smith v. Hass, et al.*
Case No. 4:22-cv-00007-SLG-KFR                                Page 13 of 13
Case 4:22-cv-00007-SLG-KFR   Document 8   Filed 06/21/22   Page 13 of 13